By the Court.—Ingraham, J.
By the agreement under which the business carried on by the parties, and known as the glove business, was transacted, the' defendants were to be allowed a selling and guaranty commission of five per cent., and were to pay clerk hire and traveling" expenses in the United States. Plaintiff was to be allowed five hundred dollars in gold for each voyage he should make to Europe, and any profit or loss remaining, was to be equally divided'between the plaintiff and the firm composed of the defendants. This, I think constituted a co-partnership between the parties to the agreement.
The accounts of the business were, from time to time, delivered to and received and retained by plaintiff without objection. On January 14, 1882, when the copartnership was finally terminated, the defendants delivered to plaintiff a general account of the transactions of the copartnership, containing the balances of the accounts formerly rendered, and an account of the sales and expenses from *331 the date of the last account, a statement of the amount due plaintiff for his share of the profits of the copartnership, and the amount due from plaintiff to the defendants for the purchase by plaintiff of the balance of the copartnership stock. After the receipt of the account, plaintiff by a letter of the same date, acknowledged its receipt and accepted the account as a final settlement. Up to this time plaintiff had not been deprived of any right to examine the books of the copartnership, nor is there any evidence to show that he was induced to accept the account by any representation or inducement of the defendants.
On these facts the referee found as conclusion of law, that on January 14,1882, the accounts between the plaintiff and the defendants were stated and adjusted and became settled accounts. In this the referee was clearly right, and I do not understand it to have been disputed by the plaintiff. The plaintiff, however, asked to open the accounts so settled, on the ground that several distinct sets of charges in the accounts rendered for money alleged to have been paid by defendants, were false and excessive. There are four series of charges that are objected to by plaintiff. Only two of these were relied upon on this appeal, namely; the charges for custom house expenses and the charges for marine insurance. As to the custom house charges, the referee found, as a fact, that prior to October, 1880, it was agreed between the parties that the charge to be made by defendants to said business, for entering goods at the custom house, including the expenses of their removal to defendants store or place of business, should be five dollars per case, and in October, 1880, it was agreed between the parties that such charge should be three and one-half dollars per case from October 1, and that the prior charges therefor should stand. In June 1881, it was further agreed that such charges thereafter should be three and one-half dollars per case for the first case of any shipment and one dollar per case for every additional case of such shipment. After an examination *332 of the testimony, we are of the opinion that this finding was sustained by the evidence. It therefore appears that the custom house charges complained of, were adjusted in 1880, and that in consideration of the reduction for future charges, it was agreed that the charges before made should stand, and this after plaintiff had discovered that the charge was higher than that made by others in the same business.
As to the marine insurance, it appears that in November, 1880, the letter (Exhibit 40) was delivered to plaintiff. In that letter it was stated that the amount that had been paid for marine insurance was five-eighths of one per cent, and in some instances as low as one-half of one per cent. With this information before him plaintiff saw fit to settle his account with the defendants in which the further charge for marine insurance complained of, was made.
The fact that the information contained in the letter was true, and that he had been charged more than was actually paid, would not justify the court in opening the accounts. Courts of equity have always been reluctant to open accounts that have been settled and become stated accounts, and such settlements have only been opened on clear proof that the settlement was induced by fraud, mistake or manifest error, and never where it appeared that at the time of the settlement of the accounts both parties had full knowledge of the facts in relation to the charges, and after mutual concessions had agree that the account should be a stated account.
In Harley v. Eleventh Ward Bank (76 N. Y. 618), the court held that an account stated can only be opened where the party objecting shows clearly that he has been misled by fraud, mistake or ’manifest error, and from the facts found by the'referee, it cannot be said that the plaintiff in this case, when he assented to the accounts, was so misled. Having come to this conclusion, it is evident that the refusal to compel the production of the books in accordance with the stipulation was not error. The parties had stipulated that such books should be produced before the *333 referee, as the course of the hearing might render material, with the same effect as if produced on subpoena. When it appeared, however, that the settlement between the parties was made with full knowledge of the facts, or the charges complained of were made under an express agreement between the parties that the amount charged should be the proper charge for the services rendered, it is evident that the books or the contents of the books were entirely immaterial, and even if they had shown the charge, as made in the account, was in excess of the amount actually paid by the defendants, it would not have changed the result.
None of the exceptions to the admission or rejection of evidence were insisted on, on the argument, and so far as appears no error was committed by the referee that requires a reversal' of the judgment.
I think, however, the referee erred in awarding the defendant costs against plaintiff. It is true plaintiff failed to have the accounts opened, but it appeared on the trial that plaintiff was entitled to an accounting, and a judgment against the defendants for $507.42. Defendant did not, before the trial, offer to allow plaintiff to take judgment for that amount, and under all the circumstances, I think the referee should have awarded costs to the plaintiff, and not to the defendant.
The judgment should, therefore, be modified by awarding plaintiff judgment for the sum of $507.42, with costs, and as so modified, affirmed without costs to either party on this appeal.
Sedgwick, Oh. J., and O’Gorman, J., concurred.